WILDMAN, HARROLD, ALLEN & DIXON LLP
Brent R. Austin (Admitted *pro hac vice*)
austin@wildman.com
Lisa S. Simmons (Admitted *pro hac vice*)
simmons@wildman.com
225 West Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 201-2000

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Christopher Tayback (Bar No. 145532)
christayback@quinnemanuel.com
Shon Morgan (Bar No. 187736)
shonmorgan@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Continental Casualty Co.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCES L. MICHAEL, on Behalf of Herself and Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CONTINENTAL CASUALTY COMPANY,<br><br>Defendant. | CASE NO. CV-08-3101 (EMC)<br><br>DEFENDANT CONTINENTAL CASUALTY COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6);<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Request for Judicial Notice Filed Concurrently Herewith]<br><br>Date: OCTOBER 8, 2008<br>Time: 10:30 a.m.<br>Judge: Hon. Edward M. Chen |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on OCTOBER 8, 2008 at 10:30 a.m. or as soon thereafter as the matter may be heard, defendant Continental Casualty Company ("Continental Casualty") will and hereby does move the above-entitled Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all claims in plaintiff's Complaint with prejudice as a matter of law. This motion is made on the grounds that each of these purported claims fails to state a claim upon which relief can be granted.

Specifically, plaintiff's claims should be dismissed because they are barred by *res judicata*. Further, plaintiff fails to adequately allege she was entitled to benefits under her policy, or that Continental Casualty breached the policy by denying such benefits. Thus, plaintiff fails to state a claim for breach of the implied covenant of good faith and fair dealing. Finally, plaintiff's declaratory relief claim is duplicative of plaintiff's legally deficient breach of contract claim.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, all pleadings and papers on file in this action, such other evidence or arguments as may be presented to the Court, and such other matters of which this Court may take judicial notice.

DATED: August 20, 2008                    Wildman, Harrold, Allen & Dixon, LLP

By /s/ Brent R. Austin
Brent R. Austin
Attorneys for CONTINENTAL CASUALTY COMPANY

# INTRODUCTION

Plaintiff Frances L. Michael ("plaintiff") has filed a putative class action complaint against Continental Casualty Company ("Continental Casualty"), alleging Continental Casualty breached plaintiff's long-term care ("LTC") insurance policy and the implied covenant of good faith and fair dealing when it denied plaintiff's claim for home health care benefits. Plaintiff, however, already sued Continental Casualty for the alleged wrongful denial of this claim in San Mateo Superior Court ("Previous Action") and lost. As the claims alleged here were or could have been raised in the Previous Action, *res judicata* bars this action and compels dismissal of plaintiff's complaint as a matter of law.

Apart from *res judicata*, plaintiff's Complaint must additionally be dismissed because it fails to state any cause of action on which relief could be granted. Plaintiff fails to adequately allege she was entitled to benefits under her policy, or that Continental Casualty breached the policy by denying such benefits. For the same reason, plaintiff fails to state a claim for breach of the implied covenant of good faith and fair dealing. Finally, plaintiff's declaratory relief claim should be dismissed because it is duplicative of plaintiff's legally deficient breach of contract claim.

For all these reasons, plaintiff's Complaint should be dismissed as a matter of law.

# PLAINTIFF'S ALLEGATIONS

## I.   THE POLICY

Plaintiff alleges Continental Casualty issued her a Long Term Care Insurance Policy ("LTC policy"), which provides benefits for care received in a long term care facility, such as a nursing home. (Compl., ¶¶ 5, 6.) As part of her LTC Policy, plaintiff also purchased an "Extended Home Health Care Rider" ("HHC Rider"). The HHC Rider provides benefits for certain home health care services, including – under certain circumstances – "Secondary Services" defined as services "provided

by a medical social worker; occupational therapy; home health aide services; and homemaker services." (Id., ¶ 6.) For benefits to be payable for such Secondary Services, however, the insured has to receive such services "in a Week in which at least one Primary Service was received." (Id.) "Primary Services" are "nursing care services provided by a registered nurse (RN), a licensed practical or vocational nurse (LPN or LVN), or for physical therapy or speech therapy." (Id.)

In addition, plaintiff obtained an Alternate Plan of Care Rider ("APC Rider"). Under the APC Rider, if plaintiff "would otherwise require confinement in a Long Term Care Facility" (i.e., a "Skilled Nursing Facility" or an "Intermediate Care Facility"), Continental Casualty can elect to "pay for the cost of services under a written alternate plan of care, if appropriate alternative care is a medically acceptable option." (Id., ¶ 7.) Such plan can be "initiated by [plaintiff] or [Continental Casualty]." (Compl., Exh. A.) It "will be developed by health care professionals and consistent with generally accepted medical practice." (Id.) Further, as such benefit is not a guaranteed benefit, only "[t]hose parts which are mutually agreeable to [plaintiff], [plaintiff's] physician and [Continental Casualty] will be adopted." (Id.)

## II. PLAINTIFF'S ALLEGED CLAIM

Plaintiff alleges she was admitted to the hospital in December 2006 for a broken pelvis. (Id., ¶ 9.) Upon her discharge, plaintiff returned to her home where she received daily home health care for an unspecified period of time from a home health aide. (Id., ¶ 10.) Plaintiff does not allege she required confinement in a Skilled Nursing or Intermediate Care Facility following her discharge. She does not allege the hospital or her physician recommended any such confinement. She also does not allege she received any "Primary Services" as required to trigger coverage for "Secondary Services" under the HHC Rider.

Thereafter, in February 2007, plaintiff submitted a claim to Continental Casualty seeking long term care benefits under her policy. (Id., ¶ 11.) Since

plaintiff had not been receiving the requisite "Primary Services" during the weeks she received "Secondary Services," as required under her HHC Rider, Continental Casualty denied Plaintiff's claim. (Id.) Although plaintiff now alleges that Continental Casualty should have "consider[ed] whether Plaintiff was entitled to benefits under the APC rider" (id., ¶ 12), she does not allege she initiated an alternate plan of care or required confinement in a Long Term Care Facility. She also does not allege that an alternate plan was developed by health care professionals or that such a plan was mutually agreeable to plaintiff, her physician, and Continental Casualty, as required to obtain benefits under the rider.

### III. PLAINTIFF'S PREVIOUS ACTION IN SAN MATEO SUPERIOR COURT

In May 2007, following Continental Casualty's denial of her claim, plaintiff filed an action against Continental Casualty in the Superior Court of California, County of San Mateo, Small Claims Division ("the Previous Action"). (Pltfs' Superior Court Amended Complaint, Exh. A to Request for Judicial Notice ("RJN").)[1] In the Previous Action, plaintiff sought to recover $2,700 in damages for Continental Casualty's "DENIAL OF [her] CLAIM" to recover benefits under her LTC policy for the home health care aide she received following her discharge from the hospital. On August 6, 2007, the Court issued a judgment, specifically finding that "Defendant does not owe plaintiff any money on plaintiff's claim." (See Notice of Entry of Judgment, Exh. B to RJN.)

### IV. PLAINTIFF'S INSTANT ACTION

Plaintiff has now filed the above action against Continental Casualty seeking recovery for the same alleged wrongful denial of her claim under her LTC Policy. Plaintiff alleges Continental Casualty wrongfully denied her claim because it failed

to "consider whether Plaintiff was entitled to benefits under the APC rider to the Policy." (Id., ¶ 12.) Even though plaintiff does not allege she required confinement in a Long Term Facility, or that she ever requested an alternate plan of care, or that an alternate plan was developed by a health care professional and mutually agreeable to her, her physician, and Continental Casualty, she contends she was entitled to coverage for her care under the APC Rider. (Id., ¶ 13.) Plaintiff also alleges Continental Casualty breached the implied covenant of good faith and fair dealing by denying her claim and unreasonably failing to investigate her claim and provide a prompt and reasonable explanation for the denial.

## ARGUMENT

To survive a motion to dismiss, a plaintiff must allege facts that are enough to raise her right to relief "above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). A plaintiff's obligation to demonstrate her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. Id.; see also In re Dynamic Random Access Memory Antitrust Litig., 536 F. Supp. 2d 1129, 1134 (N.D. Cal. 2008) (citing Twombly standard). If a plaintiff cannot allege any facts in support of a claim that would entitle her to relief, the complaint must be dismissed under Rule 12(b)(6). Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). A Rule 12(b)(6) dismissal may be based on a plaintiff's "failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory." Id. While, in considering a motion to dismiss, the court must accept as true the material facts alleged in the complaint, "[u]nreasonable inferences or conclusory

---

[1] The Request for Judicial Motion with exhibits is being filed contemporaneously
(footnote continued)

legal allegations cast in the form of factual allegations . . . are insufficient to defeat a motion to dismiss." Ruiz v. Gap, Inc., 540 F. Supp. 2d 1121, 1125 (N.D. Cal. 2008); see also Vasquez v. L.A. County, 487 F.3d 1246, 1249 (9th Cir. 2007) ("conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss").

As demonstrated below, plaintiff's Complaint must be dismissed as a matter of law for several independent reasons.

## I. PLAINTIFF'S COMPLAINT IS BARRED BY *RES JUDICIATA*.

Plaintiff already filed a claim against Continental Casualty in San Mateo Superior Court to recover the costs of the home health care aide assistance she received following her accident. The court dismissed her claim, specifically finding that "Defendant does not owe plaintiff any money on plaintiff's claim." (Exh. B to RJN). Her identical claim in this second action is therefore barred by *res judicata*.[2]

This Court must give a state court judgment the same effect that it would be given by that state. See 28 U.S.C. § 1738. Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the state from which the judgments emerged would do so. Allen v. McCurry, 449 U.S. 90, 96, 66 L. Ed. 2d 308 (1980). To assess the preclusive effect of a California state court judgment, federal courts must apply that state's *res judicata* requirements. Id.

Under California law, the doctrine of *res judicata* bars a subsequent suit in federal court when the previous action (1) involved identical parties or privies; (2) involved the same "claim" or cause of action as the later action; and (3) reached a

---

with this Motion to Dismiss.
[2] The defense of *res judicata* may be raised in a motion to dismiss under Rule 12(b)(6). Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984); see also Sears,
   (footnote continued)

final judgment on the merits. <u>Sidhu v. Flecto Co., Inc.</u>, 279 F.3d 896, 900 (9th Cir. 2002). If all elements are satisfied, a plaintiff is precluded from re-litigating not only those claims brought in the previous action, but also "issues that were or could have been raised in that action." <u>Chao v. A-One Med. Servs., Inc.</u>, 346 F.3d 908, 921 (9th Cir. 2003) (quoting <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980)). All three elements are easily satisfied here as a matter of law.

### A. Identical Parties Were Involved In The Previous Action.

Plaintiff cannot dispute the "identity of parties" element. In her state court action in California, she sued Continental Casualty Company—the same defendant she sues in the above action.[3]

### B. Identical Claims Were Raised In The Previous Action.

Plaintiff also cannot dispute that an identical claim was raised in the Previous Action. To constitute the same cause of action for *res judicata* purposes, California courts consider whether the same primary right is at stake in both lawsuits. <u>Eichman v. Fotomat Corp.</u>, 147 Cal. App. 3d 1170, 1174 (1983). The same primary right is at stake if the two actions involve the same injury to the plaintiff and the same wrong by the defendant, even if the plaintiff in the second suit pleads different theories of recovery, seeks different forms of relief or adds new facts supporting recovery. <u>Id.</u>

In <u>Eichman</u>, for example, plaintiff franchisees sued the franchisor, alleging it improperly charged them higher prices than it charged company-owned stores,

---

<u>Roebuck & Co. v. Metropolitan Engravers, Ltd.</u>, 245 F.2d 67, 70 (9th Cir. 1956) (on motion to dismiss, court may take judicial notice of facts outside the pleadings).

[3] Although plaintiff named "CNA Insurance Company" as the defendant in the Previous Action, CNA is not a legal entity. "CNA" is the service mark used by Continental Casualty Company, and other underwriting companies, to issue its policies. As is plain from the face of plaintiff's Policy, Continental Casualty is the entity that issued that Policy. (Compl., Exh. A.)

failed to provide advertising it was obligated to provide, infringed on plaintiffs' territory by locating company-owned stores too close to their store, and misrepresented the competition plaintiffs would face from company-owned stores. After plaintiffs settled the case, they filed another action against the franchisor, making additional allegations regarding price-fixing and other failures to provide promised goods and services not included in the first complaint. Id. at 1173-74. Affirming the trial court's dismissal, the Court of Appeals stated that "[t]he same primary right argued [in the second action] was clearly also at stake" in the previous action. In "both cases the harm alleged was economic injury caused by [defendant] creating a situation in which the company-owned stores enjoy[ed] a competitive edge...." Id. at 1175. That "[t]he [second] Complaint... add[ed] new theories of recovery and greater detail regarding the prices [defendant] charged [plaintiffs]" was immaterial. Id. See also Allstate Ins. Co. v. Rapton, 77 Cal. App. 4th 901, 908 (2000) ("[a] plaintiff may not avoid the application of res judicata by 'splitting' a single cause of action into several suits."); Wuljen v. Dolton, 24 Cal. 2d 891, 895-896 (1944) ("[t]he violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief...."); Chao, 346 F.3d at 922 (a sufficient identity of claims existed because even if plaintiff did not originally raise the same fair labor argument alleged in her subsequent suit, she could and should have).

Here, it is indisputable the Previous Action involved precisely the same claim to recover for home health care aide assistance plaintiff received following her discharge from the hospital and the same denial of those benefits. As in Eichman, plaintiff's expansion of her requests for relief in this action—patently as a vehicle to assert a recovery for more unsupportable damages—is not legally sufficient to avoid res judicata. Her Complaint must be dismissed with prejudice for this reason alone.

C. **The San Mateo Superior Court Judgment Was A Final Judgment On The Merits.**

Finally, the Previous Action was resolved by a Final Judgment on the merits, reading "Defendant does not owe plaintiff any money on plaintiff's claim." (Exh. B to RJN). Under California law, such a Final Judgment—even if rendered in a small claims court action—is a final judgment on the merits for purposes of *res judicata*. Allstate Ins. Co., 77 Cal. App. 4th at 908.

Allstate Ins. Co. is illustrative. In that case, insurer sought to recover subrogation damages against a car dealer after a faulty cigarette lighter started a fire and destroyed an insured's car. After the insurer paid its insured for the damage, the insured sought reimbursement from the dealer for losses not covered by insurance and obtained a judgment for $386. Subsequently, the insurer filed a subrogation action against the dealer, seeking to recover the monies it paid its insured. In affirming dismissal of the action, the court agreed the insured's judgment in small claims court barred the insurer's subsequent subrogation action, stating:

> A litigant "cannot avoid the impact of the rule against splitting [a] cause[] of action by choosing for his first foray a tribunal of limited jurisdiction." A plaintiff cannot split a cause of action and make it the basis of several suits in order to take advantage of small claims court jurisdiction and procedure. By filing her action in small claims court, [insured] waived any damages in excess of the court's jurisdictional limit. The judgment of the small claims court bars a subsequent proceeding on the same cause of action.

77 Cal. App. 4th at 914 (internal citations omitted).

The facts are even more extreme here. Plaintiff herself filed the small claims court action seeking to recover $2700 for the alleged wrongful "DENIAL OF CLAIM." (Exh. A to RJN). She did not prevail in the Previous Action. To the contrary, she lost, and the court specifically found that Continental Casualty did "not owe plaintiff any money on [her] claim." Plainly, *res judicata* bars her second attempt to advance the same claim before this Court.

**II.   THE COMPLAINT MUST ALSO BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

### A. Plaintiff's Breach Of Contract Claim Fails Because Plaintiff Cannot Allege She Was Entitled To Benefits Under Her Policy Or That Continental Casualty Breached The Policy.

Plaintiff's claim for breach of contract must also be dismissed because plaintiff does not allege she was entitled to benefits under her policy or that Continental Casualty breached her policy by denying those benefits. Indeed, it is apparent on the face of the Complaint that Continental Casualty complied with the Policy when it denied plaintiff's claim for benefits.

To state a cause of action for breach of contract, a plaintiff must allege: (1) the existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach. CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1240 (2008). See also Orlando v. Carolina Cas. Ins. Co., 2007 U.S. Dist. LEXIS 22672 (N.D. Cal. Mar. 13, 2007) (plaintiff failed to state a claim for breach of contract where she did not allege satisfaction, waiver, or excuse of the conditions precedent to defendant's performance under the contract); Careau & Co. v. Sec. Pac. Bus. Credit, 222 Cal. App. 3d 1371, 1390 (1990) (plaintiffs failed to state cause of action for breach of contract where complaint contained no specific allegations of the performance by plaintiffs of any of the conditions of the contract). Plaintiff fails to allege (and cannot allege) the second and third element here.

To the contrary, plaintiff's claim rests upon her allegation that Continental Casualty failed to consider and provide coverage for the home health care aide assistance plaintiff received under her APC Rider. But, as the APC rider makes clear, such coverage is only triggered if plaintiff "require[d] confinement" in a "Long Term Care Facility." (Compl., Exh. A). Further, such benefit is not a guaranteed benefit, but is only provided where a "written alternate plan of care" is "developed by health care professionals and consistent with generally accepted medical practice" and is "mutually agreeable" to plaintiff, plaintiff's physician, and Continental Casualty. (Id.)

Fatal to her claim, plaintiff does not allege that any of these conditions for coverage were present. She does not allege she required confinement in a Long Term Care Facility. She also does not allege she initiated an alternate plan, that such plan was developed by health care professionals and consistent with generally accepted medical practice, and that plaintiff, her physician, and Continental Casualty agreed to such a plan. Absent allegations she satisfied the conditions for benefits under the APC rider, plaintiff's alleged bare conclusion that she is entitled to APC benefits is not legally sufficient to state a claim. Her breach of contract claim fails as a matter of law for this additional reason.

**B.    Plaintiff's Breach Of Implied Covenant Of Good Faith And Fair Dealing Claim Fails For The Same Reasons.**

Plaintiff's purported breach of implied covenant of good faith and fair dealing claims fails for the same reasons as her contract claim.

Under California law, a cause of action for breach of the implied covenant of good faith and fair dealing cannot lie if there is no evidence that defendant breached the contract. See Dennis Produce, Inc. v. Hartford, 260 Fed. Appx. 989, 992 (9th Cir. 2007) (there can be no breach of the implied covenant of good faith and fair dealing if defendant did not breach the insurance contract); Love v. Fire Ins. Exch., 221 Cal. App. 3d 1136, 1152 (1990) ("a bad faith claim cannot be maintained unless policy benefits are due"). As noted above, plaintiff has not adequately alleged that she is entitled to benefits under the APC Rider or, thus, that Continental Casualty breached the Policy.

Plaintiff's implied covenant claim is also legally deficient because plaintiff has failed to allege facts necessary to support such claim. See, e.g., Tavakoli v. CBS Outdoor, Inc, 2007 U.S. Dist. LEXIS 49801, * 6 (N.D. Ill. July 10, 2007) (granting motion to dismiss where plaintiff alleged no factual basis in support of claims because "[p]leading legal conclusions is not sufficient to avoid dismissal on a 12(b)(6) motion"); Stanford Square, L.L.C. v. Nomura Asset Capital Corp., 228 F.

Supp. 2d 293, 300 (S.D.N.Y. 2002) ("A claim asserting a breach of the implied covenant of good faith and fair dealing would not survive dismissal as a matter of law pursuant to Fed.R.Civ.P. 12(b)(6) if it fails to describe the specific actions on the part of defendants that allegedly breached this duty.") (internal quotation marks omitted). While plaintiff alleges the conclusion that Continental Casualty acted in bad faith by unreasonably failing to provide a prompt and reasonable explanation for denying plaintiff's claim, she does not allege when this happened or when Continental Casualty informed plaintiff. She also does not allege how Continental Casualty failed to adequately investigate or explain the denial of the claim. Absent such allegations, plaintiff's bare conclusions of law are insufficient to state a claim.

For both reasons, plaintiff's claim for breach of the implied covenant of good faith and fair dealing should be dismissed.

### C. Plaintiff's Claim For Declaratory Relief Fails Because It Is Duplicative Of Her Legally Deficient Breach Of Contract Claim.

Plaintiff's final purported claim for declaratory relief should be dismissed because it simply restates plaintiff's legally deficient breach of contract claim.

California courts routinely dismiss claims for declaratory relief where such claims are duplicative of a pending breach of contract claim. Under such circumstances, "the declaratory relief claim would not serve a useful purpose in clarifying and settling the legal relations in issue." See, e.g., B&O Mfg. v. Home Depot U.S.A., Inc., Slip Copy, 2007 WL 3232276, at *7 (N.D. Cal. Nov. 1, 2007) (dismissing declaratory relief claim where such claim was essentially duplicative of plaintiff's breach of contract claim); Eugene N. Gordon, Inc. v. La-Z-Boy, Inc., Slip Copy, 2007 WL 1101456, at *4 (E.D. Cal. April 12, 2007) (dismissing declaratory relief claim because it was duplicative of plaintiff's breach of contract claim).

That is the case here. With respect to both her breach of contract and declaratory relief claims, plaintiff seeks the same finding that Continental Casualty wrongfully failed to provide benefits under plaintiff's APC Rider. Thus, as in B&O

Mfg., the declaratory relief claim would serve no useful purpose in clarifying the parties' relations. It is merely duplicative of her breach of contract claim, which is—in any event—legally deficient. It should be dismissed with prejudice for this additional reason.

## CONCLUSION

Plaintiff already brought this claim in San Mateo Superior Court and lost. *Res judicata* bars her attempt to seek a second bite at the apple here. Further, it is apparent on the face of plaintiff's Complaint that the San Mateo Superior Court properly found for Continental Casualty in the Previous Action. Plaintiff did not satisfy the "Primary Service" requirement necessary to receive "Secondary Services" under the Home Health Care Rider. In addition, plaintiff does not allege she satisfied the conditions for benefits under the APC Rider (and, in fact, she did not). For all the foregoing reasons, plaintiff's Complaint should be dismissed with prejudice as a matter of law.

DATED: August 20, 2008                Wildman, Harrold, Allen & Dixon, LLP

By /s/ Brent R. Austin
Brent R. Austin
Attorneys for CONTINENTAL
CASUALTY COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCES L. MICHAEL, on Behalf of Herself and Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CONTINENTAL CASUALTY COMPANY,<br><br>　　　　　Defendant. | CASE NO. CV-08-3101 (EMC)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT CONTINENTAL CASUALTY COMPANY'S MOTION TO DISMISS**<br><br>Date:　October 8, 2008<br>Time:　10:30 a.m.<br>Judge:　Hon. Edward M. Chen |

1  Upon due consideration of Defendant Continental Casualty Company's
2  (Continental Casualty) Motion to Dismiss plaintiff Frances L. Michael's Complaint
3  and finding good cause therefor,
4  IT IS HEREBY ORDERED that defendant Continental Casualty's Motion to
5  Dismiss is GRANTED. Plaintiff's Complaint fails to state a claim upon which relief
6  can be granted for the reasons stated in defendant Continental Casualty's papers.
7  This action is hereby dismissed with prejudice.
8  DATED: San Franciso, California, _____

_____
Hon. Edward M. Chen

Submitted by:

Wildman, Harrold, Allen & Dixon

By /s/ Brent R. Austin
   Brent R. Austin

   Attorneys for Defendant Continental
   Casualty Company

20502/2590323.1

-1-                                              Case No. 08-cv-3101 (EMC)
[PROPOSED] ORDER GRANTING DEFENDANT CONTINENTAL CASUALTY'S MOTION TO DISMISS