United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANCES L. MICHAEL,

    Plaintiff,

    v.

CONTINENTAL CASUALTY COMPANY,

    Defendant.
                             /

No. C 08-03101 WHA

**ORDER DENYING MOTION TO DISMISS**

## INTRODUCTION

In this disability-benefits action, plaintiff Frances L. Michael alleges wrongful denial of benefits due under her private, non-ERISA, long-term care policy with defendant Continental Casualty Company. Defendant moves to dismiss on grounds of res judicata, collateral estoppel, and failure to state a claim upon which relief can be granted. For the reasons stated below, defendant's motion is **DENIED**.

## STATEMENT

This action concerns defendant's alleged wrongful denial of long-term care benefits to plaintiff. Plaintiff purchased her long-term care policy with defendant in May 1991. The policy provided plaintiff benefits for care received in a long-term care facility such as a nursing home. Plaintiff also purchased an Extended Home Health Care Rider ("HHC Rider") and an Alternate Plan of Care Rider ("APC Rider").

The HHC Rider provided benefits for home health care described as "Secondary Services" where such care was received in the same week as a "Primary Service." The policy defined "Secondary Services" as occupational therapy, home health aide services, homemaker services, and care provided by a medical social worker. The policy defined "Primary Services" as physical therapy, speech therapy, and nursing care services provided by a registered nurse, a licensed practical nurse, or a vocational nurse.

The APC Rider provided plaintiff additional coverage. It stated, in pertinent part (First Amd. Compl. ¶ 7, Exh. A) (emphasis added):

> If You would otherwise require confinement in a Long Term Care Facility, we may pay for the cost of services under a written alternate plan of care, if appropriate alternate care is a medically acceptable option. The alternate plan of care may be initiated by You or Us. It will be developed by health care professionals and consistent with generally accepted medical practice. *Those parts which are mutually agreeable to You, Your physician and Us will be adopted*.

Plaintiff maintains she performed all of her obligations under the policy, including payment of all premiums due.

In December 2006, at age 84, plaintiff was hospitalized for a broken pelvis. Upon discharge, plaintiff asserts she was unable to care for herself. Consequently, she obtained home health care from a home health aide. In February 2007, plaintiff submitted a claim to defendant for long-term care benefits under her policy. Defendant denied plaintiff's claim. Defendant states the reason for denial was plaintiff's failure to satisfy the terms of the HHC Rider in that she had not received a "Primary Service" each week that she received home health care.

Plaintiff then sued defendant in the Superior Court of California, County of San Mateo, Small Claims Division, in an action entitled *Frances L. Michael v. CAN Insurance Company*, Case No. SCC-105098. Defendant requests judicial notice of the amended complaint and notice of entry of judgment filed in that action. The records submitted by defendant in its request for judicial notice indicate plaintiff filed a form complaint in May 2007 alleging "[d]enial of claim" and requesting $2,700 from defendant for the period of January 2 through February 7, 2007.

2

1  The entry of judgment consists of a check mark in a box next to the preprinted sentence:
2  "Defendant does not owe plaintiff any money on plaintiff's claim."
3      In March 2008, plaintiff states she became unable to care for herself on a daily basis.
4  She maintains this constituted a loss compensable under the terms of her policy. She says she
5  submitted a claim to defendant for long-term care benefits for this new period. In June 2008,
6  defendant notified plaintiff that she was not eligible for benefits under the terms of her policy
7  as she had not received a "Primary Service" pursuant to her HHC Rider.
8      On June 26, 2008, plaintiff commenced the instant action. Plaintiff filed a first amended
9  complaint on October 7 alleging breach of contract and breach of the implied covenant of good
10 faith and fair dealing. Defendant moves to dismiss plaintiff's first amended complaint on
11 grounds of claim preclusion, issue preclusion, and failure to state a claim upon which relief
12 can be granted.

**ANALYSIS**

14     A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims
15 alleged in the complaint. *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir.
16 1995). All material allegations of the complaint are taken as true and construed in the light
17 most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th
18 Cir. 1996). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
19 detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]
20 to relief' requires more than labels and conclusions, and a formulaic recitation of the elements
21 of a cause of action will not do. Factual allegations must be enough to raise a right to relief
22 above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S.Ct. 1955,
23 1959 (2007).[*]

    **1.**     **JUDICIAL NOTICE.**

25     Defendant requests judicial notice of the amended complaint and notice of entry of
26 judgment filed in the small claims court action. Although materials outside of the pleadings
27 ordinarily are not considered on a motion to dismiss, a court may consider matters properly

---

[*] Unless indicated otherwise, internal citations are omitted from all quoted authorities in this order.

3

subject to judicial notice. A court may take judicial notice of any fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. When adjudicating a motion to dismiss, a court may take judicial notice of public filings. *In re Calpine Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003) (Armstrong, J.). It does not, thereby, convert the motion to dismiss into one for summary judgment. *MGIC Idem. Corp. v. Weisan*, 803 F.2d 500, 504 (9th Cir. 1986). Accordingly, the amended complaint and notice of entry of judgment publicly filed in the small claims court action are the proper subjects of judicial notice and will be considered in the disposition of this motion to dismiss.

### 2. PRECLUSION.

A Rule 12(b)(6) motion may be premised on res judicata if the basis for that defense can be established by public records which are properly the subject of judicial notice. *See Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992) (res judicata, normally an affirmative defense, may be upheld on a Rule 12(b)(6) motion "when all relevant facts are shown by the court's own records"), *cert. denied*, 506 U.S. 821 (1992). Taking into account the amended complaint and notice of entry of judgment filed in the small claims court action, plaintiff's instant claims are not precluded.

Res judicata, or claim preclusion, provides that a prior adjudication bars a later suit where there is (i) an identity of claims, (ii) a final judgment on the merits, and (iii) an identity or privity between the parties. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F. 3d 708, 713 (9th Cir. 2001). The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts. *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000). If the two suits do arise out of the same transaction, subsequent grounds for recovery are barred if they were raised or could have been raised in the first case. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 651 (9th Cir. 1988).

Here, the transactional nucleus of facts differ. Plaintiff's small claims court action sought damages for a denial of benefits purportedly due for home care received during a

4

roughly six week period in early 2007. Plaintiff's instant action pertains to a denial of benefits purportedly due for home care received during a subsequent period the following year. Because this latter period followed issuance of the small claims court judgment, claims regarding the period could not have been raised in the prior adjudication.

Defendant concedes that the actions involve different time periods. Defendant argues, however, that the instant action seeks damages accruing from the same basic liability already decided in the prior action. Defendant cites *Legg v. United Benefits Life Insurance Company* for the proposition that "payments cannot continue to accrue if there is no basic liability." *Legg v. United Ben. Life Ins. Co.*, 182 Cal. App. 2d 573, 580 (1960). Defendant's reliance on *Legg* is unavailing.

In *Legg*, the court noted that it was apparent from the face of the complaint under attack that the issues arising out of the same contract had already been litigated between the same parties. The plaintiff had directly so pled in her complaint. *Id.* at 575–76. In contrast, here it is not at all apparent what issues were litigated in the small claims court action. Instead, all that can be gleaned from the complaint and judgment filed in that action is that plaintiff sought $2,700 from defendant for a "[d]enial of claim" relating to a roughly six week period in early 2007 and that the court found "defendant does not owe plaintiff any money on plaintiff's claim."

Defendant asserts that, while not indicated in the small claims court record, the basis for denial was plaintiff's failure to obtain the requisite "Primary Services." Defendant offers to provide an affidavit testifying to this fact. Defendant also states plaintiff alleged the same in her original complaint. An affidavit from defendant and facts alleged in a prior complaint are no substitute for court documents detailing express reasons for denial as grounds for preclusion. "The party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment. It is not enough that the party introduce the decision of the prior court; rather, the party must introduce a sufficient record of the prior proceeding to enable the trial court to pinpoint the exact issues previously litigated." *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1321(9th Cir. 1992). Here, defendant has not done so.

5

Defendant argues that even if res judicata does not bar the instant action, at the very least plaintiff should be collaterally estopped from re-litigating the same "basic liability" issues determined against her in the small claims court action. As already stated, however, there is no indication in the small claims court record provided by defendant as to what those issues were. Where the record before a district court is inadequate for it to determine whether it should apply the doctrine of collateral estoppel, a reviewing court will not consider the issue on appeal. *Clark*, 966 F.2d at 1321.

For the foregoing reasons, the small claims court action has neither res judicata nor collateral estoppel effect on the instant action.

### 3. BREACH OF CONTRACT AND BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.

Under California law, in order to prevail in an action for breach of contract, plaintiff must show that (i) there is a contract, (ii) plaintiff performed, (iii) defendant breached, and (iv) there is resulting damage. *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1399 (1990). In the insurance context, to prevail in an action for breach of the implied covenant of good faith and fair dealing, plaintiff must show that (i) benefits due under the policy have been withheld, and (ii) the reason for withholding benefits was unreasonable or without proper cause. *Love v. Fire Ins. Exchange*, 221 Cal. App. 3d 1136, 1151 (1990). Taking the factual allegations of plaintiff's complaint as true and construing them in her favor, her claims have been pled sufficiently to survive a Rule 12(b)(6) motion.

As to breach of contract, plaintiff states that she entered into a written contract with defendant for a long-term care policy, that she performed all of her obligations under the contract including payment of all premiums due, that defendant wrongfully and improperly denied her March 2008 claim for benefits, and that as a result of that denial she suffered deprivation of benefits due under the plan.

As to breach of the implied covenant of good faith and fair dealing, plaintiff states that defendant denied her benefits due under the plan wrongfully and improperly. In particular, plaintiff alleges defendant (i) unreasonably failed to approve her claim; (ii) unreasonably required her to receive a "Primary Service" each week that she received home health care;

6

(iii) unreasonably failed to provide a prompt and reasonable explanation based on the terms of the policy and in relation to the applicable facts and policy provisions for the denial of her claim for long term care benefits; (iv) unreasonably failed to properly investigate her claim; (v) intentionally and unreasonably applied policy provisions, such as the APC Rider, so as to limit financial exposure and contractual obligations and to maximize profits; and (vi) unreasonably compelled her to institute litigation to recover amounts due under the policy in an effort to further discourage her from pursuing her full policy benefits. Plaintiff further alleges defendant has a pattern and practice of denying or limiting claims for benefits payable pursuant to the APC Rider.

These allegations more than satisfy the liberal pleading requirements of the Federal Rules of Civil Procedure. Defendant never contends plaintiff's claims are subject to heightened pleading requirements. Accordingly, plaintiff need only recite a "short and plain statement of the claim" showing her entitlement to relief. Fed. R. Civ. P. 8(a)(2). As explained by the Supreme Court, "[s]uch a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Illustrative of the bare-bones allegations required by the Rules are the accompanying forms contained in the Appendix of Forms. By way of example, Form 9 for negligence actions calls only for an "[a]llegation of jurisdiction," a brief description of the underlying event, a brief description of plaintiff's injuries, and a prayer for relief. Rule 84 provides that the "forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."

It is true that plaintiff's theory of recovery is perhaps problematic. This does not mean, however, that her complaint is subject to dismissal pursuant to Rule 12(b)(6). Accordingly, plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing will stand.

7

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is **DENIED**. Defendant must answer within **TEN CALENDAR DAYS**.

**IT IS SO ORDERED.**

Dated: December 18, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE